UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Ben Marsico,<br><br>                              Plaintiff,<br><br>v.<br><br>Norfolk Southern Railway Co.,<br><br>                              Defendant. | Case No.   3:21-cv-17<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## INTRODUCTION

1.      Defendant Norfolk Southern Railway Co. has engaged in a pattern and practice of requesting is employees' medical records, perusing through them to ascertain whether they suffer from serious medical conditions, and effectively terminating those who are disabled. Because Norfolk Southern lacks the requisite cause, its records requests violate the Americans with Disabilities Acts, 42 U.S.C. § 12101, *et seq*. ("ADA"). For employees who have submitted complete and certifications for leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), Norfolk Southern's records requests also violate the FMLA.

2.      Plaintiff Ben Marsico was an employee of Norfolk Southern for more than twenty years. Because he was also a local chairman for his union, Marsico was especially aware of Norfolk Southern's above-described pattern and practice. When Norfolk Southern requested his medical records without the requisite cause, and despite his having submitted a complete and sufficient certification for FMLA leave, Marsico therefore refused to release them to it. Norfolk Southern has responded by indefinitely withholding Marisco from service, in violation of the ADA and FMLA.

1

**PARTIES**

3. Marsico is an individual who resides and worked for Norfolk Southern in Roanoke, Virginia.

4. Norfolk Southern is a railroad carrier engaged in interstate commerce that operates trains throughout Virginia.

**JURISDICTION AND VENUE**

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Norfolk Southern because Norfolk Southern maintains a significant business presence within this district and because Norfolk Southern's acts and omissions giving rise to Marsico's claim occurred in this district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Marsico's claims occurred in this district.

**FACTUAL ALLEGATIONS**

8. Norfolk Southern has engaged in a pattern and practice of requesting is employees' medical records, perusing through them to ascertain whether they suffer from serious medical conditions, and effectively terminating those who are disabled.

9. Marsico has worked for Norfolk Southern for more than twenty years.

10. Marsico suffers from gout.

11. Marsico's gout limits his ability to care for himself, perform manual tasks, see, hear, eat, sleep, walk, stand, lift, bend, speak, breathe, learn, read, concentrate, think, communicate, and/or work.

12. Neither Marsico's gout nor any other medical condition prevent him from performing his job's essential functions.

13. Marsico submitted a certification for FMLA leave for his gout.

14. The certification was complete.

15. The certification was sufficient.

16. Norfolk Southern approved Marsico for FMLA leave for his gout.

17. The last time Marsico tried to return to work from FMLA leave, Norfolk Southern requested all his medical records.

18. Norfolk Southern had no reason to believe that any medical condition prevented Marsico from performing his job's essential functions.

19. Marsico was the local chairman for his union.

20. Marsico's local-chairman duties caused him to be especially aware of Norfolk Southern's above-described pattern and practice.

21. Marsico therefore refused to produce his medical records to Norfolk Southern.

22. Norfolk Southern has responded by refusing to allow Marsico to return to service.

## CAUSES OF ACTION

### COUNT I
### IMPERMISSIBLE MEDICAL EXAMINATION, IN VIOLATION OF THE ADA

23. Marsico is a qualified in individual within the ADA's meaning.

24. Section 12112(d)(1) of the ADA defines "discriminat[ing] against a qualified individual on the basis of disability" as including certain medical examinations and inquiries.

25. Section 12112(d)(4) of the ADA prohibits employers from "requir[ing] a medical examination and [from]. . . mak[ing] inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity"

26. Norfolk Southern discriminated against Marsico based on disability by requesting his medical records without the requisite cause and then refusing to return him to service unless he produces them to it.

27. Because Norfolk Southern violated the ADA, Marsico has suffered loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Marsico is also entitled to attorneys' fees and costs incurred in connection with his claims.

28. Norfolk Southern committed the above-alleged acts with deliberate or reckless disregard for Marsico's rights and safety. As a result, Marsico is entitled to punitive damages.

**COUNT II**
**IMPERMISSIBLE MEDICAL EXAMINATION, IN VIOLATION OF THE FMLA**

29. An employer may require that an employee substantiate the need for FMLA leave by providing a certification from his or her health care provider. *See* 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(a).

30. If the employee submits a "complete and sufficient certification . . . the employer may not request additional information from the health care provider." 29 C.F.R. § 825.307(a).

31. Marsico submitted a completed and sufficient certification.

32. Norfolk Southern nevertheless requested additional information from Marsico's health care provider and then prohibited him from returning to service unless he allowed them to produce such information to it.

33. Because Norfolk Southern violated the FMLA, Marsico has suffered and will continue to suffer loss of income, emotional distress, and other damages in an amount to be determined by the trier of fact. Marsico is also entitled to attorneys' fees and costs incurred in connection with these claims.

34. Norfolk Southern acted committed the above-alleged acts in bad faith and/or acted unreasonably. As a result, Marsico is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Marsico prays for judgment against Norfolk Southern as follows:

35. That the practices of Norfolk Southern complained of herein be determined and adjudged to constitute violations of the ADA and/or FMLA;

36. For an injunction against Norfolk Southern and its directors, officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

37. For an order reinstating him with his seniority unimpaired;

38. For an award of damages arising from loss of past and future income, emotional distress, and other compensatory damages in an amount to be determined by the trier of fact;

39. For an award of pre-judgment interest, as provided by law;

40. For an award of Marsico's costs, disbursements and attorneys' fees

pursuant to law;

      41.      For liquidated and/or punitive damages;

      42.      For all relief available under the ADA and/or FMLA;

      43.      For such other and further relief as the Court deems just and equitable.

Dated: January 8, 2021

**THE MOODY LAW FIRM**

/s/ *Nicholas D. Thompson*
Nicholas D. Thompson (VA 92821)
3520 Cherryvale Ave., St. 83
Appleton, WI 54913
Phone: (757) 477-0991
Email: nthompson@moodyrrlaw.com

**ATTORNEYS FOR PLAINTIFF**